IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINELITE, INC., | No. C-10-1276 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT XII; VACATING HEARING** |
| v. | |
| LEDALITE ARCHITECTURAL PRODUCTS, | |
| Defendant. | |

Before the Court is defendant Ledalite Architectural Products' ("Ledalite") "Motion to Dismiss Count XII of the Complaint," filed by Ledalite on June 18, 2010. Plaintiff Finelite, Inc. ("Finelite") has filed opposition, to which Ledalite has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for September 3, 2010, and rules as follows.

**BACKGROUND**

In its complaint, Finelite alleges it sells lighting systems. (See Compl. ¶ 1.) According to Finelite, Ledalite, one of Finelite's competitors, has included in advertisements for its lighting products a statement that the products "may be protected" by specified patents. For example, an advertisement for "Pique," which is described therein as "a unique, contemporary family of recessed luminaires" (see Compl. Ex. 12 at 1), includes the

following language: "These products may be protected by applicable utility and design patents and patents pending including, but not limited to: U.S. Patents 5,253,036; 5,624,202; 5,727,870; 5,834,765; 6,007,217, 6,037,593; D496,121; D556,358; D572,858; D579,598; D 595,006 and/or corresponding foreign patents. Ledalite will aggressively defend all of its intellectual property." (See Compl. Ex. 12 at 14.)

Finelite alleges the statement that Ledalite's products "may be protected" by the patents identified in its advertisements is "false" because the patents "unmistakably do not cover or protect the product in question." (See Compl. ¶¶ 37, 88.) According to Finelite, Ledalite has included such statement in its advertisements "to cause potential customers, for whom Ledalite and Finelite compete, to fear that purchasing Finelite's competing products may subject such customers to litigation or other actions" (see Compl. ¶ 90), and that such statement has caused a "diversion of sales to Ledalite" (see Compl. ¶ 92), which has resulted in Finelite's having "lost sales" (see Compl. ¶ 101).

Based on such allegations, Finelite alleges twelve counts, one of which is Count XII titled "Unfair Competition under California Law (Bus. & Prof. Code § 17200)." As relief for the alleged violation of § 17200, Finelite seeks an injunction, specifically, an order enjoining Ledalite "from making, disseminating, or causing to be made or disseminated in any advertisement, brochure, or any other manner whatsoever, any statement concerning the identified lighting products, that is untrue or misleading, and that is known, or by the exercise of reasonable care should be known, to be untrue or misleading." (See Compl., Prayer for Relief ¶ 5.)

**DISCUSSION**

In the instant motion, Ledalite argues that Count XII is subject to dismissal,[1] for the asserted reason that Finelite has failed to allege sufficient facts to establish it has standing to bring a claim under § 17200.

A plaintiff has standing to pursue a claim under § 17200 if the plaintiff "has suffered

---

[1] Ledalite does not challenge the sufficiency of any other count.

injury in fact and has lost money or property as a result of the unfair competition." See Cal. Bus. & Prof. Code § 17204.  Here, as set forth above, Finelite alleges that, as the result of the asserted acts of unfair competition, specifically, Ledalite's having made false statements in advertisements for its competing products, sales have been diverted to Ledalite and, as a result, Finelite has lost profits.  In short, Finelite alleges an "injury in fact," specifically, lost profits, and alleges such losses were the result of the asserted false advertising.  Ledalite argues that Finelite nonetheless lacks standing because Finelite has not alleged "it had either prior possession or a vested legal interest in the 'money or property' allegedly lost." (See Def.'s Mot., filed June 18, 2010, at 4:3-4.)

        In support of its argument, Ledalite relies on Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003), in which the California Supreme Court held that the only type of monetary losses compensable under § 17200 are "restitutionary" losses.  See id. at 1140, 1149 (holding "disgorgement of profits allegedly obtained by means of an unfair business practice" is "not restitutionary." and thus is not an available remedy under § 17200, because the plaintiff "does not have an ownership interest in [defendant's profits]).  Here, however, Finelite does not seek monetary relief under § 17200, and, consequently, the issue of whether Finelite could seek restitution is not presented.

        Ledalite also relies on cases that have held a plaintiff cannot seek injunctive relief under § 17200 if the plaintiff does not have standing to seek restitution.  See Pom Wonderful LLC v. Welch Foods, Inc., 2009 WL 5184422, *3-5 (C.D. Cal. 2009) (holding plaintiff lacked standing to seek injunctive relief where plaintiff failed to allege entitlement to restitution); Walker v. GEICO General Ins. Co., 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007) (holding plaintiff lacked standing to assert "any UCL claim" because plaintiff could not show "either prior possession or a vested legal interest in the money or property allegedly lost").[2]  As the California Supreme Court has more recently explained, however, "the right

---

[2] The language in Walker on which Ledalite relies appears to be dicta, because the district court found the plaintiff therein did not lose any actual money or property, but only lost an "expectancy." See id. at 1173.

3

to seek injunctive relief under section 17200 is not dependent on the right to seek restitution; the two are wholly independent remedies." See Clayworth v. Pfizer, Inc., 49 Cal. 4th 758, 790 (2010) (rejecting argument that plaintiffs alleging claim under § 17200 "could not seek injunctive relief unless they could also seek restitution");[3] see also Fulford v. Logitech, Inc., 2009 WL 1299088, at *1 (N.D. Cal. 2009) (noting "a number of courts, subsequent to the enactment of the UCL standing requirement . . . , have found [the] plaintiff has standing under the UCL, irrespective of any such plaintiff's inability to seek restitution from the defendant"); G & C Auto Body, Inc. v. GEICO General Ins. Co., 2007 WL 4350907, at *3-5 (N.D. Cal. 2007) (holding, although plaintiffs could not establish entitlement to restitution, plaintiffs had standing to seek injunction based on plaintiffs' "loss of business caused by [d]efendants' steering of customers away from [p]laintiffs' [businesses]"); White v. Trans Union, LLC, 462 F. Supp. 2d 1079, 1083 (C.D. Cal. 2006) (holding that although plaintiffs "would be required to show that [defendant] took money directly from them in order to obtain [restitution], no such burden exists [ ] where [p]laintiffs seek only injunctive relief" under § 17200).  Consequently, any inability by Finelite to state a claim for restitution does not constitute a bar to Finelite's seeking injunctive relief.

Finally, Ledalite relies on one case in which the district court, after a bench trial, found the plaintiff therein had failed to prove its allegation that it had lost profits because of the defendant's assertedly unfair business practices.  See Trafficschool.com, Inc. v. Edriver, Inc., 633 F. Supp. 2d 1063, 1073-74 (C.D. Cal. 2008) (holding, where plaintiffs failed to establish their lost profits had been "caused by [d]efendants' deceptive practices," plaintiffs "failed to prove by a preponderance of the evidence that they [had] suffered an injury in fact and lost money or property as a result of [d]efendants' actions").  The instant motion, however, only challenges the face of the complaint, and, as discussed above, for pleading purposes, the complaint sufficiently alleges that Finelite has incurred an economic loss caused by Ledalite's asserted false advertising.  Indeed, nothing in Trafficschool.com

---

[3]Clayworth was decided after Ledalite filed the instant motion.

suggests that if the plaintiff had been able to meet its burden to prove that its profits had decreased as a result of the unfair business practices of the defendant therein, the plaintiff would not have had standing to seek injunctive relief.

Accordingly, the motion will be denied.

## CONCLUSION

For the reasons stated above, Ledalite's motion to dismiss Count XII is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  August 26, 2010

MAXINE M. CHESNEY
United States District Judge